```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EASTERN SAVINGS BANK, FSB,

                        Plaintiff,

        -against-                           MEMORANDUM & ORDER
                                            13-CV-0341(JS)(AKT)
CHARLES BEACH; ROSEMARY BEACH; CLR
CAPITAL CORPORATION; JOHN DOE #1;
JOHN DOE #2; JOHN DOE #3; JOHN DOE
#4; JOHN DOE #5; and JOHN DOE #6,
the last six names being fictitious
and unknown to Plaintiff, the
persons or parties intended being
the tenants, occupants, persons or
corporations, if any, having or
claiming interest upon the premises
described in the Complaint,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Jerold C. Feuerstein, Esq.
                   Jennifer Alec Tolston, Esq.
                   Joseph C. Vozza, Esq.
                   Kriss & Feuerstein, LLP
                   360 Lexington Avenue, Suite 1300
                   New York, NY 10017

For Defendants:    No appearances.
```

SEYBERT, District Judge:

Currently pending before the Court is plaintiff Eastern Savings Bank, FSB's ("Plaintiff") motion for default judgment and Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R"). For the following reasons, the Court ADOPTS this R&R in its entirety.

BACKGROUND

Plaintiff commenced this action on January 22, 2013 against defendants Charles Beach, Rosemary Beach, CLR Capital Corporation, and John Does #1-6 (collectively "Defendants") pursuant to New York Real Property Actions and Proceedings Law, § 1301 et seq., to foreclose on a mortgage encumbering 20 Avenue B, Kings Park, New York 11754 (the "Property").

Plaintiff requested a certificate of default against Charles Beach, Rosemary Beach, and CLR Capital Corporation on April 9, 2013 (Docket Entry 23), which was entered by the Clerk of the Court the following day (Docket Entry 24).  On May 6, 2013, Plaintiff moved to excise John Does #1-6 from the Complaint and for default (Docket Entry 25); on August 9, 2013, the Court referred Plaintiff's motion to Judge Tomlinson (Docket Entry 27).

On February 12, 2014, Judge Tomlinson issued an R&R recommending that Plaintiff's motion for default be granted and that John Does #1-6 be discontinued and excised from the caption.  She further recommends that Plaintiff be awarded: (1) principal in the amount of $299,822.99, with accrued interest of $88,237.66 through May 1, 2013 and $77.95 in interest per diem thereafter until entry of judgment; (2) $9,880.55 in late charges; (3) $26,799.06 for the Negative Escrow Balance and

2

$4,037.68 for accrued interest; (4) $4,710.00 in attorneys' fees; and (5) $1,555.70 in costs.

No party has objected to any portion of Judge Tomlinson's R&R.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party objected to Judge Tomlinson's R&R. And the Court finds her R&R to be correct, comprehensive, well-reasoned and free of any clear error. Accordingly, the Court ADOPTS it in its entirety.

## CONCLUSION

Judge Tomlinson's R&R is ADOPTED in its entirety. As such, Plaintiff's motion for default is GRANTED against Charles Beach, Rosemary Beach, and CLR Capital Corporation. Further, it is hereby ORDERED that John Does #1-6 are DISMISSED and excised from the caption. Finally, Plaintiff is hereby awarded the following:

3

(1) principal in the amount of $299,822.99, with accrued interest of $88,237.66 through May 1, 2013 and $77.95 in interest per diem thereafter until entry of judgment;

(2) $9,880.55 in late charges;

(3) $26,799.06 for the Negative Escrow Balance and $4,037.68 for accrued interest;

(4) $4,710.00 in attorneys' fees; and

(5) $1,555.70 in costs.

The Clerk of the Court is directed to enter a Judgment consistent with this Memorandum and Order and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: March 10, 2014  
Central Islip, NY

4